UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES BRAY**,

      Plaintiffs,

     v.                                                                 **CIV NO. 00-379 DJS/RLP**

**THE BOARD OF REGENTS OF THE UNIVERSITY OF
NEW MEXICO, JULIE WEAKS, in her official capacity,
JOHN DOES 1-10, JANE DOES 1-10**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before this Court on Defendant Board of Regents of the University of New Mexico (Defendant's) Motion for Default Judgment filed October 6, 2000 (Docket No. 37). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendant seeks a default judgment on its counterclaims for violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d), the Federal Trademark Dilution Act, 15 U.S.C. §125(c), and Trademark Infringement, 15 U.S.C. §1114. Plaintiff failed to respond to the motion.

      The instant action is brought by Plaintiff as a civil action brought pursuant to 42 U.S.C. §1983 seeking injunctive and declaratory relief. Plaintiff operates two unofficial Internet web sites which report information and contain articles regarding University of New Mexico athletics. Those sites are named "lobobasketball.com" and "lobofootball.com". Plaintiff asserts that before he started the web sites, he contacted Rudy Davalos, the athletic director for the University of New Mexico, as well as

1

other University officials. Plaintiff contends that Davalos and the other officials agreed that he could use insignia associated with the University's athletic teams on his sites and that he could use the names "lobobasketball.com" and "lobofootball.com". Plaintiff further asserts that the University officials also agreed that his web sites would be given the same access to news and press releases regarding UNM athletics as were provided to other news media covering the teams.

Plaintiff set up the web sites "lobobasketball.com" and "lobofootball.com" in February, 1999. He registered them in the name of American Information Services, a corporation which provides technical support, computers, and software for Internet web hosting services to individuals and organizations and which is owned by Plaintiff. Plaintiff asserts that his relationship with the University of New Mexico was cordial and cooperative until he began to report unfavorable news about UNM athletics. Plaintiff contends that, in retaliation for his news coverage and opinion commentary, Defendants singled him out for unfavorable treatment. Plaintiff asserts that Defendants' actions are an attempt to punish him for the exercise of his First Amendment right to free speech and to chill further such speech. He further argues that Defendants' treatment of him is discriminatory and violates the Equal Protection Clause of the Fourteenth Amendment.

Defendants assert that "LOBOS" is a "famous mark" within the meaning of 15 U.S.C. §1125. They further contend that Plaintiff's use of the Internet domain names "lobobasketball.com", "lobofootball.com", and "lobocentral.com" was dilutive of their famous mark, "LOBOS". Defendants assert that Plaintiff's choice of Internet domain names was for the purpose of diverting an audience from the University to yield a commercial gain to Plaintiff and/or tarnish or disparage the University's mark.

Fed.R.Civ.P. 55 provides that failure to plead or otherwise defend against a request for

affirmative relief shall result in a judgment by default. Plaintiff failed to respond to Defendants' counterclaim in a timely fashion. Because his attorney withdrew from his representation, on December 4, 2000 the Court entered an Order (Docket No. 43) *sua sponte* granting Plaintiff fifteen additional days to respond to the counterclaim. Plaintiff failed to file any pleadings in response to the counterclaim or otherwise, although he sent some correspondence to the Court. Plaintiff was warned that the correspondence could not be considered a responsive pleading. Nevertheless, he has failed to contest Defendants' assertions in the counterclaim. Consequently, Defendants' motion for default judgment must be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Default Judgment is granted. Plaintiff is hereby enjoined from using service marks, trademarks or trade names that imitate, simulate, or use the University of New Mexico's service marks, trademarks or trade names including the Registered Marks LOBOS and the wolfhead logo. Further, Plaintiff is enjoined from using LOBOS or any variant thereof, including LOBO, as a component of any domain name, electronic publication name, service mark, trademark or trade name to identify, market, distribute, or promote any sports-related goods or services. In addition, Plaintiff is enjoined from using, registering, or selling the domain names "lobobasketball.com", "lobofootball.com", "lobocentral.com" and all other domain names incorporating a trademark of the University of New Mexico.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**