**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**JAMES BRAY**,

    Plaintiffs,

    v.                                                                                      CIV NO. 00-379 DJS/RLP

**THE BOARD OF REGENTS OF THE UNIVERSITY OF
NEW MEXICO, JULIE WEAKS, in her official capacity,
JOHN DOES 1-10, JANE DOES 1-10**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before this Court on Defendants Board of Regents of the University of New Mexico and Julie Weaks' (Defendants') Motion to Dismiss filed August 31, 2001 (Docket No. 48). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendants seek an order dismissing certain counts of the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

    **FACTUAL BACKGROUND**

    The instant action is a civil action brought pursuant to 42 U.S.C. §1983 seeking injunctive and declaratory relief. Plaintiff is a University of New Mexico alumnus and a fan of the University's athletic teams. He operates two unofficial Internet web sites which report information and contain articles regarding University of New Mexico athletics. Those sites are named "lobobasketball.com"

1

and "lobofootball.com". Plaintiff asserts that before he started the web sites, he contacted Rudy Davalos, the athletic director for the University of New Mexico, as well as other University officials. Plaintiff contends that Davalos and the other officials agreed that he could use insignia associated with the University's athletic teams on his sites and that he could use the names "lobobasketball.com" and "lobofootball.com". Plaintiff further asserts that the University officials also agreed that his web sites would be given the same access to news and press releases regarding UNM athletics as were provided to other news media covering the teams.

Plaintiff set up the web sites "lobobasketball.com" and "lobofootball.com" in February, 1999. He registered them in the name of American Information Services, a corporation which provides technical support, computers, and software for Internet web hosting services to individuals and organizations and which is owned by Plaintiff. Plaintiff asserts that his relationship with the University of New Mexico was cordial and cooperative until he began to report unfavorable news about UNM athletics. Plaintiff contends that, in retaliation for his news coverage and opinion commentary, Defendants singled him out for unfavorable treatment. That treatment includes dropping him from the distribution of press releases and other publicity materials from the UNM Athletic Department. In addition, Plaintiff claims that Defendants maligned him and made false statements about him and his company by accusing him of being a pornographer, by claiming that the web sits are linked to pornographic sites, and by claiming that he does not have the right to use the names "lobobasketball.com" and "lobofootball.com". On April 6, 2001 Defendants obtained a default judgment from this Court on their counterclaims for trademark infringement. Plaintiff was thereby enjoined from using the University of New Mexico's trademarks or trade names and from using the domain names "lobobasketball.com" and "lobofootball.com".

Plaintiff asserts that Defendants' actions are an attempt to punish him for the exercise of his First Amendment right to free speech and to chill further such speech. He further argues that Defendants' treatment of him is discriminatory and violates the Equal Protection Clause of the Fourteenth Amendment. He seeks declaratory and injunctive relief regarding that alleged retaliation.

**DISCUSSION**

By the instant motion, Defendants seek dismissal of this action due to Plaintiff's failure to participate in discovery. Defendants assert that they noticed his deposition on October 18, 2000 for November 6, 2000, but that Plaintiff failed to appear at the deposition. Defendants attach an electronic mail message from Plaintiff to their motion which indicates that he would not attend a deposition in Albuquerque. Defendants also attach their unfiled notice of deposition to the motion. However, they do not include either an affidavit from counsel who was present at the designated time and place and observed Plaintiff's failure to appear or a certified record from the court reporter which reflects that fact. Nonetheless, Plaintiff failed to respond to the motion, thus consenting to its grant. D.N.M.LR-Civ. 7.5(b).

An additional, more compelling reason exists to dismiss the instant action. On August 4, 2000, this Court entered a Memorandum Opinion and Order (Docket No. 30) denying two motions to dismiss filed by Defendants. In Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) filed May 22, 2000 (Docket No. 13), Defendants urged this Court to adopt the reasoning and holding of Smith v. Plati, 56 F.Supp.2d 1195 (D.Co. 1999) and hold that their actions did not violate Plaintiff's First Amendment Rights. The facts underlying Smith are very similar to those in this case. Most importantly, the basis for Smith's claim that his First Amendment rights were being violated was the denial of access and privileges afforded members of the mainstream press who had not offended

3

officials at the University of Colorado. Smith, 56 F.Supp.2d at 1199. This Court did not adopt the reasoning of the District Court in Smith and held that Plaintiff had stated a First Amendment claim which could afford him relief. However, on July 30, 2001, the Tenth Circuit Court of Appeals handed down its decision in Smith v. Plati, 258 F.3d 1167 (10th Cir. 2001).

In the Smith decision, the Court of Appeals affirmed the reasoning of the District Court for the District of Colorado. In so doing, the Court of Appeals held that denying Smith the same access to university athletic personnel and programs as members of other branches of the press did not constitute retaliation which would chill a person of ordinary firmness from continuing to publish a web page. Smith, 258 F.3d at 1177. Further, the Court of Appeals held that the university's activities in Smith did not violate any First Amendment right of access on the plaintiff's part. Id. This Court is bound by that precedent and, under it, Plaintiff's allegations in this case fail to state a claim as a matter of law.

**IT IS THEREFORE ORDERED** that this matter is dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**